UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80086-Civ-Cannon/Reinhart

NUSRAT RIZVI and EILEEN RIZVI,

    Plaintiffs,

vs.

VICTOR A. BOLDEN, *et al.,*

    Defendants.

_____/

## REPORT RECOMMENDING THAT CASE BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE

THIS CAUSE is before the Court upon a *sua sponte* review of the record. This case has been referred and reassigned to the undersigned U.S. Magistrate Judge for a ruling on all pretrial, non-dispositive matters and for a report on any dispositive matters [DE 40, DE 43]. The record shows that the *pro se* Plaintiffs have not actively pursued this matter since filing their Complaint over four months ago. Among other things, Plaintiffs failed to file proof of perfected service on several Defendants. Plaintiffs also failed to timely respond to a series of pending motions and Court orders. In all, this case is proceeding along with no sign that Plaintiffs intend to pursue it. Thus, the Court recommends that the case be **DISMISSED WITHOUT PREJUDICE** based upon Plaintiffs' failure to prosecute and failure to comply with Court Orders.

### I. BACKGROUND

Plaintiffs initiated this case on January 15, 2021, by filing a Complaint [DE 1] that alleges as follows. The two Plaintiffs are Florida residents. The thirteen out-of-state Defendants include a

sitting U.S. District Judge presiding in Connecticut, a retired Connecticut State Court Judge, law firms with offices in Connecticut, attorneys working at those law firms, a real estate investment trust company, a salon, an automobile financial services company, a property insurance company, an insurance adjuster, and the insurance adjuster's company [*Id.* ¶¶ 6-18]. Plaintiffs' allege due process violations stemming from various lawsuits relating to the loss of Plaintiffs' spa business in Connecticut and ensuing eviction litigation in Connecticut, Plaintiffs' alleged overpayments under a lease agreement, and alleged wrongful denial of an insurance claim [*Id.* ¶¶ 19-100].

On April 21, 2021, the Court dismissed without prejudice Plaintiffs' claims against Defendants Mario D. Cometti, Esq. and The Allstate Corporation for failure to perfect service upon these two Defendants as required [DE 23]. On April 22, 2021, Defendant Hinckley, Allen, and Snyder, LLP and Defendant Urstadt Biddle Properties, Inc. each filed a motion to dismiss Plaintiffs' Complaint for lack of personal jurisdiction [DE 24, DE 25]. Then, on April 28, 2021, Defendant Dallas Dodge, Sr. and Defendant A.E. Oberhaus, Inc. each filed Motions to Quash Service of the Summons and Plaintiffs' Complaint [DE 30, DE 31]. In their various pleadings, Defendants have identified prior state and federal proceedings involving Plaintiffs, including one in this District that was dismissed without prejudice in November of last year for failure to perfect service of process. *See Rizvi et al. v. Bolden et al.*, Case No. 20-81267-Civ-Ruiz, DE 16 (S.D. Fla. Nov. 5, 2020).

On May 13, 2021, the Court issued an Order to Show Cause [DE 42] requiring Plaintiffs to show cause in writing why four specified pending motions should not be granted and why Plaintiffs failed to timely respond to these four motions. The Court's Order expressly cautioned Plaintiffs that their failure to respond might result in a recommendation that the pending motions be granted by default pursuant to Local Rule 7.1(c) or that this entire case be dismissed pursuant to Federal

Rule of Civil Procedure 41(b) for failure to prosecute. The Order was sent via U.S. mail to both Plaintiffs at their mailing address of record and Plaintiffs were ordered to respond by no later than 5:00 P.M. EST on Friday, May 21, 2021. The Court expressly cautioned Plaintiffs that their failure to respond to the Court's Order might result in a recommendation that the pending motions be granted by default pursuant to Local Rule 7.1(c) or that this entire case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. To date, Plaintiffs have not responded to this Court Order or to any of several pending motions.

On May 27, 2021, after the Court issued its Order to Show Cause, the Court dismissed without prejudice Judge Victor A. Bolden based upon Plaintiffs' failure to respond to an earlier Court Order requiring them to perfect service on Judge Bolden or show good cause by May 21, 2021 [DE 45].

## II. DISCUSSION

A court may *sua sponte* dismiss a case where the plaintiff fails to prosecute it or comply with a court order. *Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)).

To justify dismissal with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, a court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Betty K Agencies, Ltd. v.*

*M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005). *Pro se* plaintiffs, like any other litigants, are responsible for following court orders and are subject to the same sanctions. *Martins v. Royal Caribbean Cruises, Ltd.*, 429 F. Supp. 3d 1315, 1323 (S.D. Fla. 2019).

"In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). To justify dismissal with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, a court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005).

Here, there is a clear record of delay as Plaintiffs have completely failed to prosecute their case. They have not filed anything in this case since filing the complaint on January 15, 2021. In addition, they have not timely responded to a series of pending motions or complied with a series of Court Orders requiring them to respond by dates certain. In he Court has expressly warned Plaintiffs that their failure to respond could result in a recommendation that this case be dismissed. Given that Plaintiffs have not timely responded or otherwise actively participated in this case, the Court surmises that Plaintiffs have elected not to pursue this action.

### III. RECOMMENDATION

Consistent with the foregoing and upon due consideration of the alternatives available to the Court, the Court recommends that this action be dismissed without prejudice based upon Plaintiffs' failure to prosecute and comply with Court orders.

## IV. NOTICE OF RIGHT TO OBJECT

Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

**DONE and RECOMMENDED** in Chambers at West Palm Beach, Florida, this 2nd day of June, 2021.

BRUCE REINHART
United States Magistrate Judge

Copies via U.S. Mail to:
Eileen Rizvi, *pro se*
9190 Cypress Hollow Drive
Palm Beach Gardens, Florida 33418

Nusrat Rizvi, *pro se*
9190 Cypress Hollow Drive
Palm Beach Gardens, Florida 33418

5